UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FIRST ASSOCIATES LOAN SERVICING LLC d/b/a PEAKS PRIVATE STUDENT LOANS,**

    **Defendant/Third-Party Plaintiff,**

v.                                                             Case No.: 8:14-cv-363-MSS-MAP

**DANIEL CRUZ,**

    **Third-Party Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Third-Party Defendant Daniel Cruz's Motion to Compel Arbitration and to Stay Proceedings (Dkt. 11) and all responses and replies thereto. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Cruz's motion, as described herein.

### I. Background

Cruz initially filed this action against Defendant/Third-Party Plaintiff, First Associates Loan Servicing ("First Associates"), on February 11, 2014. In his Complaint, Cruz alleged that First Associated violated the Telephone Consumer Protection Act by repeatedly calling his cell phone without permission in an attempt to recover a debt. (Dkt. 1) On February 28, 2014, First Associates filed an Answer, Affirmative Defenses and Third-Party Complaint. (Dkt. 7)

In the Third-Party Complaint, First Associates alleges that Daniel Cruz entered into a contract with Liberty Bank, N.A. for a private student loan. (Dkt. 7 at ¶¶ 6, 7) First Associates services the loan on Liberty Bank's behalf. (Id. at ¶ 9) First Associates claims

Cruz consented to be contacted by phone or email for communications related to the loan by virtue of the representations in Paragraph K.3 of the contract, a provision acknowledging that consent. (Id. at ¶ 11)  First Associates thus asserts claims for Negligent Misrepresentation, Fraudulent Misrepresentation, and Indemnification against Cruz, based on its contention that, inter alia, "Daniel Cruz intended for Liberty Bank, N.A., and its agents and/or assigns, including First Associates to rely on the Representation." (Id. at ¶¶ 22, 33).  First Associates attached the contract to its Third-Party Complaint. (Id. at Ex. A)

Cruz now moves the court to compel the parties to arbitrate this dispute pursuant to the Federal Arbitration Act and the Arbitration Agreement contained in Paragraph N of the contract.

## II.   Discussion

Whether a dispute is subject to arbitration, under the Federal Arbitration Act and Florida law, depends on (1) whether a valid arbitration agreement exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration has been waived. Granite Rock Co. v. Int'l Bros. of Teamsters, 130 S. Ct. 2847, 2856-57 (2010); Laizure v. Avante at Leesburg, Inc., 44 So. 2d 1254, 1257 (Fla. 5th DCA 2010).

Cruz argues that because First Associates relies on the contract as the basis for its claims against him, it is bound by the contract's Arbitration Agreement.  That provision states:

> Except as expressly provided below, I agree that any claim, dispute or controversy arising out of or that is related to (a) my Loan, my Application, this Loan Agreement (including without limitation, any dispute over the validity of this arbitration provision), my Approval Disclosure Statement, my acceptance, or my Final Disclosure Statement or (b) any relationship resulting from my Loan, or any

>activities in connection with my Loan, or (c) the disclosures provided or required to be provided in connection with my Loan (including, without limitation, the Approval Disclosure Statement and the Final Disclosure Statement), <u>or the underwriting, servicing, or collection of my Loan</u>, or (d) any insurance or other service related to my Loan, or (e) any other agreement related to my Loan or any such service, or (f) breach of this Loan Agreement or any other such agreement, whether based on statute, contract, tort or any other legal theory (any "Claim") <u>shall be, at my or your election, submitted to and resolved on an individual basis by binding arbitration under the Federal Arbitration Act before the American Arbitration Association (AAA)</u> under its Commercial Arbitration Rules including the Supplementary Procedures for Consumer Related Disputes, in effect at the time the arbitration is brought. For purposes of this Paragraph N, the terms "you," "your," "yours" and "Lender" include the Lender, its officers, directors, and employees, and its affiliates, subsidiaries, and parents, and any officers, directors, and employees of such entities.

(Dkt. 7-1 at 4) (emphasis added).

Cruz argues that even if First Associates is not a signatory to the contract, it is bound to arbitrate this dispute, both by the terms of the Arbitration Agreement, as well as principles of agency, assignment, and estoppel. First Associates argues that none of these legal theories apply and that Cruz has failed to show that claims brought by or against First Associates fall within the scope of the Arbitration Agreement.

First Associates' arguments are unavailing. Arbitration may be compelled by or against non-signatories to an arbitration agreement if traditional principles of state law would allow the contract to be enforced by or against the non-signatories. <u>Arthur Andersen LLP v. Carlisle</u>, ––– U.S. ––– ,129 S. Ct. 1896, 1901–03, 173 L.Ed.2d 832 (2009). Under Florida law, "[n]on-signatories may be bound by an arbitration agreement if dictated by ordinary principles of contract law and agency." <u>Martha A. Gottfried, Inc. v. Paulette Koch Real Estate, Inc.</u>, 778 So. 2d 1090 (Fla. 4th DCA 2001). A party's assignee may be bound by a contractual arbitration provision. <u>Kong v. Allied Professional Ins. Co.</u>,

750 F.3d 1295, 1302 (11th Cir. 2014) (citing Cone Constructors, Inc. v. Drummond Community Bank, 754 So. 2d 779 (Fla. 1st DCA 2000)). Non-signatories also can be bound to arbitration by principles of equitable estoppel. BDO Seidman, LLP v. Bee, 970 So. 2d 869, 874-75 (Fla. 4th DCA 2008).

The Court finds each of these principles applicable in this case because it is axiomatic that "[a] party may not rely on a contract to establish his claims while avoiding his obligation under the contract to arbitrate such claims." Id. at 875. Accordingly, "if a party relies on the terms of a written agreement in asserting the party's claims, that party is equitably estopped from then seeking to avoid an arbitration clause within the agreement." Ehlen Floor Covering, Inc. v. Lamb, 2010 WL 2813369, *2 (M.D. Fla. Jul. 14, 2010) (quoting Becker v. Davis, 491 F.3d 1292, 1300 (11th Cir.2007)).

Here, there can be no doubt that First Associates relies on the terms of the contract. It its Complaint, First Associates alleges it is entitled to rely upon Cruz's representation in the contract by virtue of the fact that it is one of Liberty Bank's agents and/or assigns. First Associates attached the contract to the Complaint and points to Paragraph K.3 as its justification for calling Cruz on his cellular telephone. That contract expressly provides that at either party's election any claim, dispute or controversy arising out of or that is related to this Loan Agreement "shall be . . . submitted to and resolved on an individual basis by binding arbitration under the Federal Arbitration Act before the American Arbitration Association (AAA) . . . ." (Dkt. 7-1 at 4) Having chosen to rely upon the contract for the purpose of asserting its claims against Cruz, First Associates cannot now disclaim its obligation to arbitrate this dispute pursuant to the terms of the contract.

### III. Conclusion

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Third-Party Defendant's Motion to Compel Arbitration and to Stay Proceedings (Dkt. 11) is **GRANTED**. The parties are **ORDERED** to arbitrate all claims at issue in this action.

2. The case is **STAYED** pending completion of arbitration.

3. The Clerk is directed to **TERMINATE** any pending motions and **ADMINISTRATIVELY CLOSE** this case.

4. The parties shall have **fourteen (14) days** after completion of arbitration to file a Notice or appropriate Motion advising the Court how and whether this case should proceed.

**DONE** and **ORDERED** in Tampa, Florida, this 11th day of September 2014.

MARY S. SCRIVEN  
UNITED STATES DISTRICT JUDGE

Copies furnished to:  
All Counsel of Record  
All *Pro Se* parties